UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| In re:<br><br>Ebony Estella Matilda Fox,<br><br>　　　　　　　　　　Debtor. | Case No. 24-70163-SCS<br><br>Chapter 7 |
| Ebony Estella Matilda Fox,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION | Adv. Proc. No.: |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW the Plaintiff, Ebony Estella Matilda Fox (the "Debtor" or "Plaintiff"), by counsel, pursuant to 11 U.S.C. § 523(a)(8), Rule 7001, and Rule 4007 of the Federal Rules of Bankruptcy Procedure, and moves this Court to determine that the obligation owed by Plaintiff to the United States Department of Education ("U.S. Dept. of Ed.") imposes an undue hardship and as such is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8) and to enter a judgment discharging the obligation. In support thereof, Plaintiff respectfully represents as follows:

Kathryne M. Shaw (VSB #89561)
Boleman Law Firm, P.C.
4525 South Boulevard Suite 201
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Plaintiff

**Jurisdiction and Venue**

1. Jurisdiction of this Court over the instant motion is based upon 28 U.S.C. §§ 157 and 1334, as this action arises in and relates to the Plaintiff's bankruptcy case.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (K).

3. Venue is proper pursuant to 28 U.S.C. §1409.

**Parties**

4. Ebony Estella Matilda Fox is an individual living in Norfolk, Virginia.

5. Defendant United States Department of Education is the owner the Plaintiff's student loans.

**Factual Background**

6. On January 26, 2024, Plaintiff, *pro se*, filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code in this Court (the "Petition Date").

7. The Plaintiff owed, and continues to owe, an obligation in the approximate amount of $78,032.61 to the U.S. Dept. of Ed., for student loans made by the U.S. Dept. of Ed. to the Plaintiff (the "Student Loans").

8. Plaintiff listed Nelnet Loans Services, who services the student loans for the U.S. Dept. of Ed., as an unsecured creditor with a claim in the approximate amount $71,943.00 in Schedule F of her Voluntary Petition (Docket Item #1).

9. Plaintiff has a total of 4 individual student loans from U.S. Dept. of Ed. Two loans were consolidated in 2012 from Debtor's original student loans obtained when she was in school from 2002 to 2005. The remaining two loans were from her attendance in school in 2008.

10. The total original Student Loans amount for the loans in 2008 was $16,845.00. The total amount for her loans consolidated in 2012 was $28,827.00

11. The original term of the standard repayment period for the loans is a period of ten (10) years, or the latest year being 2018 for the original non-consolidated student loans.

12. Plaintiff attended LaRoche University in 2002 and graduated in 2005 with Bachelor of Arts in International Culture and Science. She consolidate her student loans obtained to attend LaRoche in 2006 and then again in 2012. Plaintiff obtained two of the current Student Loans to attend University of San Diego to obtain a certification in paralegal studies in 2008 but did not complete her education.

13. Plaintiff was working with CMA CGM when her bankruptcy case was filed. Debtor is currently unemployed.

14. Plaintiff made prior periodic payments on the student loans since repayment began. Plaintiff consolidated her loans twice, applied for income driven repayment plans. She received multiple forbearances and deferment of payment during her repayment periods and has defaulted on her student loans in the past.

15. Due to Plaintiff's current income and expenses, she is unable to make payments on her Student Loan while maintaining a minimal standard of living.

16. Plaintiff's income and expense situation is not likely to substantially change in the future and as such, Plaintiff is unlikely to have a future ability to make payments on the Student Loan while maintaining a minimal standard of living.

17. Plaintiff's current and future income and expenses situation is such that she will not be able to pay off her loan balances within the repayment term of the student loans.

18. Plaintiff does not have any assets of value that could be liquidated in order to pay the Student Loan.

## Cause of Action

19. The allegations of paragraphs 1 through 18 are incorporated by reference.

20. The Student Loans are an educational benefit loan made, insured, and guaranteed by a governmental unit.

21. The Student Loans impose an undue hardship upon the Plaintiff and as such is not excepted from discharge pursuant to 11 U.S.C. § 523 (a)(8).

WHEREFORE, Plaintiff prays that this Court enter an Order determining that the Student Loans impose an undue hardship on Plaintiff, that the Student Loans are not excepted from discharge pursuant to 11 U.S.C. § 523 (a)(8), that the Student Loans are discharged; and grant such other relief as the Court deems appropriate.

Respectfully submitted,

Ebony Estella Matilda Fox

By: /s/   Kathryne M. Shaw

Kathryne M. Shaw (VSB #89561)
Boleman Law Firm, P.C.
4525 South Boulevard Suite 201
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Plaintiff